**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANTRECE BROOKS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00903-O-BP** |
| | § | |
| **TEXAS HEALTH AND HUMAN SERVICES, *et al*.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated July 27, 2026, the Court granted *pro se* Plaintiff Antrece Brooks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 9. The Order withheld service of process in the case until the Court completed judicial screening under 28 U.S.C. § 1915(e)(2). *Id.* After considering the Complaint, Amended Complaint, and Second Amended Complaint (ECF Nos. 1, 7, and 12), additional documents filed in support of those Complaints (ECF Nos. 2, 3, 14, and 15), and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **DISMISS** the complaint without prejudice.

## I. BACKGROUND

Brooks filed suit on July 23, 2026 against the Texas Health and Human Services Commission ("HHSC"), Justice of the Peace Precinct One, and the Fort Worth Police Department ("FWPD"). ECF No. 1. On July 26, 2026, Brooks amended her Complaint as a matter of course. ECF No. 7. By Order dated July 27, 2026, the Court granted Brooks' Application to Proceed *in forma pauperis* (ECF No. 9), subject to judicial screening under 28 U.S.C. § 1915. Brooks filed a Second Amended Complaint ("Complaint") on August 12, 2026. ECF No. 12.

Liberally construing the pleadings, it appears that Brooks alleges that she was unlawfully detained after HHSC issued a mental health warrant that was approved by a Justice of the Peace. *Id.* at 2-3. She contends that the warrant "was not based on factual evidence," that "freedom was restricted based on non-factual information," and that she "was not aggressive and not suicidal." *Id.* at 4, 6-7.

Brooks further contends that FWPD acted improperly when detaining her because it did not question whether the warrant was compliant with Chapter 571 of the Texas Health and Safety Code or "hand the plaintiff the document . . . that explained the reasons for why the plaintiff was being detained." *Id.* at 3; *see* Tex. Health & Safety Code. Ann. § 571 (West 2026). Brooks argues that "subsequent officials did not utilize their power to prevent the actions of" HHSC. *Id.* at 6. Brooks also contends that she "is being denied the right to know her accusers." *Id.* at 7. Brooks' Complaints also include a section captioned "Hate Crime," but this section is not properly before the Court because it does not allege any conduct by the named Defendants. *Id.*

Brooks lists her injuries as unnecessary tasing, public humiliation, unlawful detention, and stigma and seeks relief under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986; the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution; and Chapter 571 of the Texas Health and Safety Code. *Id.* at 2-7. Brooks requests a revision of the mental health warrant process, non-economic and punitive damages, and reinstatement of her reputation. *Id.* at 4-5.

## II. LEGAL STANDARDS

### A. Screening under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)

The complaint of a plaintiff who proceeds *in forma pauperis* is subject to *sua sponte* dismissal if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a viable claim for relief, Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). To be entitled to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. *Pro se* pleadings

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed pro se . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and the Fifth Circuit thus recommends that suits be dismissed without prejudice on § 1915 dismissals. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts generally allow plaintiffs at least one opportunity to amend following a § 1915 dismissal on the pleadings, "unless it is clear that the defects are

incurable." *Id.* at 329. An incurable defect may arise when a complaint's facts are "not actionable as a matter of law." *Id.* In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

The Court may also appropriately dismiss an action with prejudice if the Court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that the plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at *2-3 (N.D. Tex. Feb. 13, 2001).

### C. Sovereign immunity

Under the Eleventh Amendment of the Constitution, states may not be sued in federal court unless they unequivocally consent to the suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Eleventh Amendment also bars § 1983 claims against agencies of a state or officials sued in their official capacities. *Fox v. Mississippi*, 551 Fed. Appx. 772, 774-775 (5th Cir. 2014) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)).

However, there are three possible exceptions to Eleventh Amendment sovereign immunity: (1) for claims seeking injunctive or declaratory relief against a state official under *Ex Parte Young*, 209 U.S. 123 (1908); (2) a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and (3) Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 364 (2001).

*Young* allows only the granting of "prospective injunctive relief to prevent a continuing violation of federal law" against state officers in their official capacities and does not allow damages or other retrospective relief. *Green v. Mansour*, 474 U.S. 64, 68 (1985). "Determining if

the exception applies involves 'a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Spec's Fam. Partners, Ltd. v. Nettles*, 972 F.3d 671, 680 (5th Cir. 2020) (quoting *Va. Off. for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (cleaned up)).

Sovereign immunity is a jurisdictional bar. *See Carver*, 18 F.4th at 497. "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). And because sovereign immunity is a jurisdictional bar, it may be raised *sua sponte*. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 (5th Cir. 2002) (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

**D. Judicial immunity**

Judicial immunity is an absolute immunity from suit, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id*. Judicial immunity is inapplicable only when: (1) a judge takes an action that is not within his or her official capacity; or (2) as it concerns judicial actions "taken in the complete absence of all jurisdiction." *Id*. Courts must construe jurisdiction broadly for purposes of judicial immunity. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Judicial immunity extends to Texas justices of the peace sued in their official capacities. *See Law v. Hunt Cty., Texas*, 830 F. Supp. 2d 211, 214-15 (N.D. Tex. 2011) ("A justice of the peace, as a judge of the State of Texas, may be entitled to Eleventh Amendment immunity when named in her official capacity.").

**E. Qualified immunity**

"Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which

a reasonable person would have known." *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). "[T]he immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability." *Id*. (citing *Hunter v. Bryant*, 502 U.S. 224, 226 (1991)).

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). To be "'clearly established,' the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right." *Anderson v. Creighton*, 483 U.S. 635 (1987). "Both steps in the qualified immunity analysis are questions of law." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). The Court may decide which prong to address first. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009). A good-faith assertion of qualified immunity alters the usual burden of proof, "shifting it to the plaintiff to show that the defense is not available." *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020).

## II. ANALYSIS

In her Complaints, Brooks refers generally to "the Defendant" and "the Defendants." See ECF Nos. 1, 7, and 12. Apart from her allegations that HHSC issued a noncompliant mental health warrant and FWPD did not provide her with a document explaining why she was detained, she does not tie her claims to a specific defendant. *See id.* Because Brooks does not specify which Defendant is responsible for which claim, the Court liberally construes her Complaints to assert each claim against each defendant and addresses the claims collectively.

**A. Sovereign immunity bars Brooks' claims against HHSC.**

The Court should dismiss Brooks' claims against HHSC because, as a state agency, it is immune from her action. States and state agencies are not "persons" whom plaintiffs may sue under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989). Likewise, state agencies are immune from suit in federal court unless the state waives immunity or Congress explicitly abrogates state immunity from suit. *Pennhurst*, 465 U.S. at 99-100; *Garrett*, 531 U.S. at 364. Here, neither the State of Texas nor the Congress has waived HHSC's immunity from suit, and Brooks does not allege that either has. *See* ECF No. 12.

The Eleventh Amendment also bars Brooks' state law claim under Chapter 571 against HHSC because a federal court may not exercise supplemental jurisdiction over a state-law claim against a state. *Pennhurst*, 465 U.S. at 121 (using the term "pendent" jurisdiction rather than "supplemental" jurisdiction). Thus, the Eleventh Amendment bars Brooks' claims against HHSC.

**B. Judicial immunity bars Brooks' claims against a justice of the peace.**

Brooks names "Justice of the Peace" as a defendant and lists an address as 100 W. Weatherford Fort Worth, Texas 76196 which is the address is for Justice of the Peace Precinct 1. ECF No. 12 at 1. Brooks, however, does not bring her claim against an individual justice of the peace. *See id.* To the extent Brooks intends to sue a specific justice of the peace in his or her official capacity, the Eleventh Amendment bars her claims because each justice is entitled to judicial immunity. *See Law*, 830 F.Supp.2d at 214-15. Judges are absolutely immune from suits for damages arising from their judicial acts. *Id.* Brooks alleges that a justice of the peace approved the mental health warrant. ECF No. 12 at 2-3. Reviewing and approving a warrant is a function normally performed by a judicial officer, and Brooks does not allege that a justice of the peace acted outside of his or her judiciary role. *See id.* Thus, because justices of the peace enjoy judicial

immunity for acts taken within the scope of the justice's office, Brooks' claims against the justice of the peace should be dismissed.

### C. Brooks cannot bring her claims against FWPD, and even if she could, qualified immunity bars her claims.

Brooks has not established that FWPD is a jural entity that she may sue. The capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citing Fed. R. Civ. P. 17(b)). To sue a department of a city, that department must have "a separate legal existence." *Id.* To achieve a separate legal existence, the political entity that created the department must have taken "explicit steps to grant the servient agency with jural authority." *Id.* Without this, the department lacks the capacity to sue or to be sued. *Id.*

Federal courts in Texas have uniformly held that entities without a separate jural existence, such as FWPD, are not subject to suit. *See Neal v. Flanery*, No. A-20-CV-1217-RP, 2021 WL 164555, at *2 (W.D. Tex. Jan. 19, 2021) (Austin Police Department is not a legal entity "capable of being sued."); *Potts v. Crosby Indep. School Dist.*, No. Civ.A. H-04-2852 2005, WL 1527657, at *6 (S.D. Tex. June 28, 2005) (Harris County Sheriff's Department lacks capacity to sue or be sued.); *Westfall v. City of Schertz Police Dep't*, No. SA-05-CA-00191-RF 2005, WL 1168427, at *2 (W.D. Tex. May 18, 2005) (A city police department is not a separate jural entity capable of being sued.). FWPD is not a separate legal entity amenable to suit, so Brooks' claims against it fail as a matter of law.

But because the Court must liberally construe all of Brooks' pleadings, the Court proceeds as if Brooks had filed suit against the city of Fort Worth, though the Court warns Brooks that the City, not its police department, is the proper legal entity to be named in any amended pleading.

*See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991) (plaintiff entitled to amend complaint erroneously naming police department as defendant).

A municipality is not liable for the acts or omissions of its actors under 42 U.S.C. § 1983 merely based on *respondeat superior*. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, a municipality may only be liable for its unconstitutional policies or customs. *Monell*, 436 U.S. at 691. To establish municipal liability, a plaintiff must prove: "(1) an official policy (or custom), of which (2) a policymaker had actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski*, 237 F.3d at 578).

To hold a municipality liable, a plaintiff must first demonstrate the existence of an official policy or custom. *Piotrowski*, 237 F.3d at 579. "Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but also may arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). Although a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable[,] . . . this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is the final policymaker." *Valle v. City of Hous.*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citations, brackets, and some internal quotation marks omitted).

Brooks alleges that the City, through FWPD, acted improperly because it failed to question whether the warrant was compliant with Chapter 571 and failed to "hand the plaintiff the document . . . that explained the reasons for why the plaintiff was being detained." ECF No. 12 at 3. She also alleges that "subsequent officials did not utilize their power to prevent the actions of HHSC. *Id.*

Because she is proceeding *pro se*, the Court liberally construes Brooks' claims as asserting that the City, through FWPD, is liable for the actions of the FWPD officers. *Id.*

Construed liberally, Brooks does not identify any unconstitutional FWPD customs or policies throughout her pleading, nor has she stated any facts raising an inference that FWPD had policies or customs that led to the actions of the police officers in this case. As to FWPD, she alleges that it "did not question" a mental health warrant she contends was based on information that did not comply with Chapter 571, and that it did not give her the magistrate's order and warrant explaining the reasons for her detention. ECF No. 12 at 3. These allegations describe what FWPD did in executing the warrant, but they do not identify a city policy or custom, a policymaker, or a practice that was unconstitutional or not complied with.

To the extent Brooks intends to sue individual FWPD offices, they would be entitled to qualified immunity. Brooks alleges that FWPD detained her under a warrant approved by a justice of the peace. ECF No. 12 at 2-3. Executing a warrant is a discretionary function within officers' authority. *See Deville v. Marcantel*, 567 F.3d 156, 172 (5th Cir. 2009)**.** Brooks does not allege that any officer knew the warrant was unsupported, and thus, has not shown that any officers acted outside of their official duties. Accordingly, Brooks does not allege any facts that would provide a path to liability by FWPD.

**D. Dismissal also is appropriate because Brooks has not stated a claim on which relief may be granted.**

Title 28 U.S.C. § 1915(e)(2)(ii) requires a court to dismiss an action brought *in forma pauperis* if it does not state a claim upon which relief may be granted. Dismissal under Section 1915(e)(2)(ii) follows the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Criminal Justice*, 430 F.3d 1208, 1209 (5th Cir. 2005)). A complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). It must also include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To decide whether the pleadings state a claim upon which relief can be granted, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

As discussed above, Brooks' claims under § 1983 and the Fourth and Fourteenth Amendments cannot survive because no proper defendant remains against whom she can proceed. Brooks cannot bring her claims under §§ 1981, 1985(3), 1986, and the Sixth Amendment for the following reasons.

**1. 42 U.S.C. § 1981**

Title 42 U.S.C. § 1981 prohibits race discrimination and guarantees "the full and equal benefit of all laws." 42 U.S.C. § 1981. To state a claim, a plaintiff must allege facts showing that the defendant intentionally discriminated against her because of her race. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). Brooks invokes § 1981, but she does not allege that any of the named defendants acted because of her race. *See* ECF No. 12. Although the section of the Complaints labeled "Hate Crime" alleges race-based discrimination, it describes conduct by a non-defendant, Amazon. So, Brooks has not stated a claim under § 1981.

**2. 42 U.S.C. § 1985(3) and § 1986**

Title 42 U.S.C. § 1985(3) imposes liability on two or more persons who "conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). To state a claim, Plaintiffs must allege that (1) two or more persons conspired; (2) to deprive a person of equal protection under the laws; and (3) one of those persons took an "act in furtherance of the conspiracy"; (4) that caused either injury or deprivation of "having and exercising any right or privilege of a citizen of the United States[.]" 42 U.S.C. § 1985(3); *see also Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). A plaintiff must also allege that the defendants were motivated by race. *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019).

Title 42 U.S.C. § 1986 imposes liability on those who have knowledge of a conspiracy as described in section 1985 but neglect or refuse to prevent the conspiracy. 42 U.S.C. § 1986; *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981). "[P]revailing under section 1985 is a prerequisite for recovery under section 1986." *Vanderwall v. Peck*, 129 F. App'x 89, 91 (5th Cir. 2005) (citing *Miss. Women's Med. Clinic v. McMillan*, 866 F.2d 788, 795 (5th Cir.1989)).

To recover under either § 1985(3) or § 1986, Brooks must plead that a conspiracy exists. But the Complaints on their face and construed liberally, do not plausibly allege any facts that support the existence of a conspiracy of any kind to deprive Brooks of equal protection under the law. *See* ECF No. 12. Further, she states that she "is protected as a female pro se," but she does not allege that the defendants acted because of her sex. *See id.* The Court cannot construe these allegations to support legal liability of any defendant for a claim under 42 U.S.C. § 1985(3).

**3. Sixth Amendment**

"The Sixth Amendment provides that an accused in a criminal prosecution has the right 'to be informed of the nature and cause of the accusation.'" *Evans v. City of Irving*, No. 3:05-cv-2149, 2006 WL 2473337, at *5 (N.D. Tex. Aug. 25, 2006) (citing U.S. Const. amend. VI). Brooks has

not claimed that a criminal prosecution has commenced against her. *See* ECF No. 12. Instead, she states that the Sixth Amendment is being violated because she "is being denied the right to know her accusers." ECF No. 12 at 7. Brooks has not pleaded facts demonstrating that her Sixth Amendment rights have been triggered because she does not allege that she was charged with a crime, and it is the accused in a criminal prosecution who has the right to know the charges against her. *See Evans*, 2006 WL 2473337, at *5. Thus, Brooks does not state a claim under the Sixth Amendment.

Even under the liberal construction that the Court gives to *pro se* pleadings, Brooks has not stated any facts to support claims upon which relief could be granted. As a result, the undersigned recommends dismissal without prejudice of all her claims. *See Estelle*, 429 U.S. at 106.

**E. Brooks claims should be dismissed without leave to amend.**

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus, when possible, the Fifth Circuit has recommended that dismissal of suits for failure to state a claim be without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice).

As a result, a district court must generally afford a *pro se* plaintiff an opportunity to amend before dismissing for failure to state a claim. *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, where the Court determines that a *pro se* plaintiff has had the opportunity to state her best case, the Court may dismiss the complaint with prejudice. *See, e.g., id.*; *Brewster v. Dretke*, 587 F.3d

764, 767–68 (5th Cir. 2009) (citing *Bazrowx*, 136 F.3d at 1054) (affirming the district court's dismissal with prejudice where the *pro se* plaintiff's response to a questionnaire showed he had pleaded his best case); *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (affirming dismissal with prejudice where *pro se* plaintiff's questionnaire and objections to magistrate judge's recommendation showed he had pleaded his best case); *Hunter v. Wilson*, 3:16-cv-1289-L-BN, 2016 WL 9781808, at *2-4 (N.D. Tex. Sept. 16, 2016), rec. adopted, 3:16-cv-1289-L, 2017 WL 4539431 (N.D. Tex. Oct. 11, 2017).

Here, Brooks has filed three complaints and numerous additional pages in support of those complaints. *See* ECF Nos. 1, 2, 3, 7, 12, 14, and 15. It appears that she has pleaded her best case against the defendants, though her claims are legally insufficient. Because any further amendment would not be likely to state a viable claim against the defendants, any further amendment would be futile. Thus, Chief Judge O'Connor should dismiss Brooks' claims against the defendants without leave to amend.

## III. CONCLUSION

After completing judicial screening under 28 U.S.C. § 1915(e)(2), the undersigned recommends that Chief Judge O'Connor **DISMISS** the complaint without prejudice because HHSC is immune from suit under the Eleventh Amendment, any justice of the peace sued is entitled to judicial immunity, Brooks has not alleged facts supporting a claim against the City of Fort Worth due to the actions of FWPD, and Brooks has not stated a claim under 42 U.S.C. §§ 1981, 1985(3), 1986, or the Sixth Amendment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection

must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 20, 2026.

Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE